**MICHAEL ARATA, ESQ.**
Nevada Bar No. 11902
E-mail: marata@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RANDY SIMMS, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC., a Nevada corporation; DOES I - X; ROE CORPORATIONS I - X,<br><br>Defendant. | CASE NO.: 2:24-cv-1182-MDC<br><br>**(PROPOSED) STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

The parties, Plaintiff RANDY SIMMS ("Plaintiff"), and Defendant NEVADA RESTAURANT SERVICES, INC. ("Defendant"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

1. **Fed. R. Civ. P. 26(a) Initial Disclosures:**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(a), the parties agree that they will exchange their Initial Disclosures on or before **September 30, 2024.**

2. **Discovery Cut-Off Date:**

The parties request a discovery period that exceeds 180 days from August 8, 2024, the date of Defendant's Motion to Dismiss Plaintiff's First Cause of Action (ECF 8). An ENE is currently scheduled for November 13, 2024 (ECF 10).

While the parties have conducted limited settlement discussions to date, they believe

that the neutral evaluator's assistance at the ENE will greatly increase the likelihood of settlement. As such, the parties do not intend to engage in significant discovery prior to the ENE in an effort to conserve resources.

However, the parties will need more time than 180 days from the date of Defendant's appearance to finish discovery if the matter does not resolve at the ENE. Should the matter not resolve at the ENE, the parties would have approximately two and a half months to complete discovery,[1] including written discovery and conducting depositions, including Defendant's FRCP 30(b)(6) deposition(s), the Plaintiff's deposition, as well as other percipient witness depositions. Moreover, under a strict 180-day period, the parties would be required to exchange initial expert witness disclosures a little over three weeks after the ENE is scheduled to take place.[2] As such, the current discovery schedule is not feasible.

For these three reasons, the parties respectfully submit that good cause exists to allow the parties to complete discovery within 180 days from the November 13, 2024, ENE, or **May 12, 2025**.

### 3. Amending the Pleadings and Adding Parties:

The date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date and, thus, not later than **February 11, 2025**.

### 4. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made 75 days prior to the discovery cut-off date, and therefore, not later than **February 26, 2025**, which is more than the standard 60 days prescribed by LR 26-1(b)(3). Disclosures identifying rebuttal experts shall be made 45 days after the initial disclosure of experts and, therefore, not later than **April 14, 2025**, which is more than 30 days after the initial disclosure of experts.[3]

---

[1] 180 days from Defendant's Answer would be February 4, 2025.

[2] Applying a February 4, 2025, discovery cut-off date, initial expert disclosures would be due on December 6, 2024.

[3] 30 days after the due date for initial expert disclosures is Saturday, April 12, 2025, and as such, the deadline was moved to the following business day.

5.  **Dispositive Motions:**

The parties shall file dispositive motions not more than 30 days after the discovery cut-off date and, therefore, not later than **June 11, 2025**.

6.  **Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than 30 days after the date set for filing dispositive motions and, therefore, not later than **July 11, 2025**. If dispositive motions are filed, the deadline for filing the Joint Pretrial Order will be suspended until 30 days after decision on the dispositive motions or further court order.

7.  **Fed. R. Civ. P. 26(a)(3) Disclosures:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall include the disclosures required by Federal Rule of Civil Procedure 26(a)(3) and any objections thereto in the Joint Pretrial Order.

8.  **Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and ENE. As noted above, an ENE is scheduled for November 13, 2024.

9.  **Alternative Forms of Case Disposition:**

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. 636(c) and Federal Rule of Civil Procedure Rule 73 and the use of the Short Trial Program (General Order 2013-01).

10. **Electronic Evidence:**

The parties recognize that electronically stored information may be involved in this matter and prefer to deal with such information on an ad hoc basis as issues may arise. The parties verify they have discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and they stipulate that they intend to present any electronic evidence in a format compatible with the Court's electronic jury evidence display system.

11. **Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a):**

None at this time.

12. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

As this case currently involves claims of unlawful discrimination and retaliation under the Americans with Disabilities Act ("ADA") and Nevada law, the parties anticipate discovery will focus on such issues, including, but not limited to, the employment of the Plaintiff, Defendant's employment policies and procedures in place during the time period the Plaintiff was employed, topics relevant to Plaintiff's employment, Plaintiff's alleged disability, accommodation requests, Plaintiff's economic and noneconomic damages, and Defendant's defenses. The parties do not believe discovery should be conducted in phases and/or limited to particular issues.

13. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree that to the extent that information relevant to the claims and defenses in this action is stored electronically, such electronic information will be preserved and should be produced in the form in which it is maintained.

14. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

Currently, the parties do not anticipate any issues arising concerning privilege or protection and agree to confer further in the event on an ad hoc basis should such issues arise.

15. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties do not currently believe any changes should be made to the limitations on

discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court at this time.

**16. Extensions or Modifications of Discovery Plan and Scheduling Order:**

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. In accordance with LR 26-3, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.   Any motion or stipulation to extend a deadline or to reopen discovery shall include:

        (a)   A statement specifying the discovery completed;

        (b)   A specific description of the discovery that remains to be completed;

        (c)   The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

        (d)   A proposed schedule for completing all remaining discovery.

///
///
///
///
///
///
///
///
///
///
///
///

1

2    It is not good cause for a later request to extend discovery that the parties informally

3   postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny

4   stipulation that would interfere with any time set for completion of discovery, for hearing of a

5   motion, or for trial, may be made only with approval of the Court." *See* LR 7-1(b).

6    Dated this 20th day of September 2024.

7   **HKM EMPLOYMENT ATTORNEYS, LLP    JACKSON LEWIS P.C.**

8   /s/  *Michael Arata*                      /s/ *Kirsten A. Milton*
    **MICHAEL ARATA, ESQ.**                    **KIRSTEN A. MILTON, ESQ.**
9   Nevada Bar No. 11902                       Nevada State Bar No. 14401
    E-mail: marata@hkm.com                     **MICHAEL A. BURNETTE, ESQ.**
10  101 Convention Center Drive, Suite 600     Nevada State Bar No. 16210
    Las Vegas, Nevada 89109                    Email: Kirsten.Milton@jacksonlewis.com
11  Tel: (702) 805-8340                        Email: Michael.Burnette@jacksonlewis.com
    Fax: (702) 805-8340                        300 S. Fourth Street, Suite 900
12  *Attorneys for Plaintiff*                  Las Vegas, Nevada 89101
13                                             Telephone: (702) 921-2460
                                               Fax: (702) 921-2461
14                                             *Attorneys for Defendant*

15

16                                 **ORDER**

17  **IT IS SO ORDERED:**

18

19  Denied with leave to refile.    UNITED STATES MAGISTRATE JUDGE
    The parties' grounds for        CASE NO.: 2:24-cv-1182-MDC
20  extended discovery period
    are generally present in
21  every matter that is            DATED: 09-30-24
    assigned to an ENE.  The
22  parties' request, however,
    appears to be based on the
23  initial disclosure deadline
    falling too close to the
24  ENE but the parties do not
    state whether expert
25  witnesses are likely.  The
    parties may refile the
26  stipulation and provide
    additional information
27  regarding experts.

28                                 Page **6** of **6**